IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MCKESSON CORPORATION; ) | |
| CARDINAL HEALTH, INC.; ) | |
| AMERISOURCEBERGEN DRUG ) | |
| CORPORATION; CVS HEALTH ) | |
| CORPORTION; WALGREENS ) | |
| BOOTS ALLIANCE, INC.; and ) | |
| WAL-MART STORES, NC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 17-CV-323-TCK -FHM |
| ) | |
| TODD HEMBREE, ATTORNEY ) | |
| GENERAL OF THE CHEROKEE ) | |
| NATION, in his official capacity; ) | |
| JUDGE CRYSTAL R. JACKSON, in ) | |
| her official capacity; DOE JUDICIAL ) | |
| OFFICERS 1-5; and JUDGE T. LUKE ) | |
| BARTEUX, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court are Defendant Todd Hembree's Motion to Dismiss for Lack of Subject Matter Jurisdiction and the Motion to Dismiss of Defendant Judges Crystal R. Jackson, T. Luke Barteux, and Doe Judicial Officers 1-5 (Docs. 139-140). Plaintiffs CVS Health Corporation; Walgreens Boots Alliance, Inc. and Wal-Mart Stores, Inc. ("Pharmacies"); and McKesson Corporation; Cardinal Health, Inc.; and AmeriSourcebergen Drug Corporation (the "Distributors") oppose the motions. For the reasons set forth below, Defendants' Motions to Dismiss are granted.

### I. Background

On April 20, 2017, the Cherokee Nation filed suit against the Pharmacies and the Distributors in the District Court for the Cherokee Nation, asserting claims under the Cherokee Nation Unfair and Deceptive Practices Act ("CNUDPA") and common law claims for nuisance, negligence, unjust enrichment, and civil conspiracy. In the proceeding, *Cherokee Nation v. McKesson Corp., et al.*, the Tribal Court Petition alleged that the Pharmacies and Distributors knowingly or negligently distributed and dispensed prescription opioid drugs within the Cherokee Nation in a manner that foreseeably injured, and continues to injure, the Cherokee Nation and its citizens.

On June 8, 2017, the Pharmacies and Distributors filed this action against Defendants Todd Hembree ("Hembree"), Attorney General of the Cherokee Nation, in his official capacity; Judge Crystal R. Jackson ("Judge Jackson"), in her official capacity; Judge T. Luke Barteaux ("Judge Barteaux"), in his official capacity; and Doe Judicial Officers 1-4 (collectively, "Defendants"). (Doc. 2). In their Complaint, Plaintiffs sought, *inter alia*, declaratory judgment that Defendants lack jurisdiction to prosecute and hear the Tribal Court Action. *Id.* Plaintiffs asserted subject matter jurisdiction under 28 U.S.C. §1331 because the existence of tribal jurisdiction over nonmembers is a federal question. *See Nat. Farmer's Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 852 (1985)). (Doc. 2, Complaint, ¶21).

Concurrently with the filing of the Complaint in this case, the Pharmacies and Distributors filed a Motion for Preliminary Injunction enjoining Defendants from taking any action or any step in the Tribal Court Action as it relates to Plaintiffs until this case is resolved. (Doc. 13). In an Opinion and Order entered January 9, 2018, this Court granted Plaintiffs' Motion for Preliminary

Injunction. (Doc. 138). In so ruling, the Court noted that that the Cherokee Nation "could assert claims to redress any injury *in another, non-tribal forum*." (emphasis added) (Doc. 138 at 24).

On January 22, 2018, the Cherokee Nation voluntarily dismissed the tribal court lawsuit and refiled the case in Oklahoma state court. (Doc. 139-1). Subsequently, the Cherokee Nation and the Cherokee Nation judges moved to dismiss this case, arguing that the Plaintiffs' claims are now moot, and therefore, the Court lacks subject matter jurisdiction of the case. (Doc. 139).

Plaintiffs oppose Defendant's Motion to Dismiss, contending that their claims are not moot. (Doc. 141 at 7).

## II. Mootness

### A. Burden of Proof

Defendants, as the parties contending that the controversy giving rise to this lawsuit is now moot, "bear[] the burden of coming forward with the subsequent events" that have rendered the case moot. *Chihuahan Grasslands Alliance*, 545 F.3d 884, 891 (10th Cir. 2008) (quoting *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 408 U.S. 83, 93 (1993)).

### B. Analysis

Under Article III of the Constitution, federal courts may adjudicate only actual controversies. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Fischbach v. N.M. Activities Ass'n.*, 38 F.3d 1159, 1169 (10th Cir. 1994). The Supreme Court has explained:

> In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action. This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.
>
> A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot.

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71-72 (2013) (citations omitted).

"One exception to a claim of mootness is a defendant's voluntary cessation of an alleged illegal practice which the defendant is free to resume at any time." *Id.* at 892. However, "[t]o constitute an exception to the mootness doctrine, it is not enough that an issue will escape review because of limited duration. It is also necessary that there be 'a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" *United States v. Seminole Nation of Oklahoma*, 321 F.3d 939 944 (10th Cir. 2002) (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 377 (1979)).

Here, pleadings from the District Court of the Cherokee Nation establish that on January 19, 2018, the Cherokee Nation filed a Notice of Voluntary Dismissal Without Prejudice of the tribal court case, and on January 22, 2018, the Cherokee Nation District Court filed an Order of Dismissal Without Prejudice. (Doc. 139-1, Exs. A-1, A-2). The same day, the Cherokee Nation filed suit against the Pharmacies and Distributors in Sequoyah County, Oklahoma, District Court. *Id.*, Ex. A, Declaration of Attorney General Todd Hembree, ¶ 5. On February 8, 2018, Attorney General Hembree submitted a Declaration in this case stating, "It is the Cherokee Nation's policy and decision to pursue the litigation against the pharmacies and distributors in Oklahoma state court until a judgment on the merits, and not to refile the action against these defendants in tribal court." *Id.*, ¶ 8. The Defendants removed the state court case to the United States District Court for the Eastern District of Oklahoma on February 26, 2018. *See The Cherokee Nation v. McKesson Corp., et al.*, Case No. 6: 18-CV-56 (E.D. Okla.). As a result, no case against the Pharmacies and Distributors remains in tribal court.

"Because 'the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction, the court must determine whether a case is moot before proceeding to the merits.'" *Citizens for Responsible Government State Political Action Committee v. Davidson*,

236 F.3d 1174, 1181-82 (10th Cir. 2000) (citing *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "The crucial question is whether "granting a present determination of the issues offered . . . will have some effect in the real world.'" *Id.* at 1182 (citing *Kennecott Utah Copper Corp. v. Becker, 186 F.3d 1261, 1266* (10th Cir. 1999) (quotations and citations omitted)).

With respect to injunctive relief and the question of mootness, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Beatttie v. United States*, 949 F.2d 1092, 1094 (10th Cir. 1991) (quotation marks and citation omitted). The party requesting relief must "demonstrate a good chance of being likewise injured in the future." *Id.* at 1093. "If an event occurs while a case is pending that heals the injury and only prospective relief has been sought, the case must be dismissed." *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) (citation omitted).

Plaintiffs argue that "the Tribe's vague and non-binding statements of intent as to this litigation do not moot this case" or "remove the threat of future prosecution or adjudication of the Tribe's claims against Plaintiffs in tribal court." (Doc. 141 at 7).

"[O]ne exception to a claim of mootness is the defendant's voluntary cessation of an alleged illegal practice which the defendant is free to resume at any time." *Chihuahuan Grasslands Alliance v. Kempthorne,* 545 F.3d 884, 892 (10th Cir. 2008). This exception "exists to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resuming the illegal conduct." *Id.* However, this exception is only applicable when: (1) the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration and (2) there is a reasonable expectation that the complaining party . . . [will] be subjected to the

same action again.'" *Id. (citing Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005)

In this case, soon after the Court entered its Opinion and Order granting Plaintiffs' Motion for Preliminary Injunction, the Tribe dismissed the tribal court case and refiled it in Oklahoma District Court, after which Defendants removed it to federal court. Thus, there appears to be little or no likelihood the Cherokee Nation will attempt to refile its claims in tribal court.

Citing *Friends of the Earth v. Laidlow Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000), Plaintiffs assert that a voluntary cessation of challenged conduct does not moot a case unless it is "absolutely clear that the challenged conduct will not recur," and that standard is only satisfied "when a defendant institutes an action of sufficient permanence—such as the enactment of a new statute or a change in formal policy—to provide assurance that the threat of the conduct to the plaintiff is over." (Doc. 141 at 7).

Case law in the Tenth Circuit and elsewhere, however, makes it clear that a plaintiff lacks standing to challenge tribal jurisdiction unless there is a tribal court action *currently pending*. *See*, *i.e. Bd. Of Education for the Gallup-McKinley County Schools v. Henderson*, 696 Fed. Appx. 355, 356 (10th Cir. 2017) (unpublished) (holding that "an injury giving rise to standing must be [1] an invasion of a legally protected interest that is [2] concrete and particularized and [3] actual or imminent," and that "'[a]llegations of possible future injury' do not satisfy the injury in fact requirement."); *Moss v. Bossman*, 2009 WL 891867 (D. S.D. March 31, 2009) (finding that plaintiffs' federal court claims against the Yankton Sioux Tribal Employee Rights Commission and its director were moot after the commission voluntarily dismissed an earlier filed tribal court petition against plaintiffs); *Tamiami Partners, Ltd. V. Miccosukee Tribe of Indians of Florida*, 898 F. Supp. 1549, 1559 (S.D. Fla. 1994) (holding that the tribe had "short-circuited" the Court's

6

consideration of a dispute over a management agreement for operation of a bingo gaming facility between plaintiff and the Miccosukeee Tribe of Indians of Florida by voluntarily dismissing their action in tribal court, rendering moot the issue of the tribal court's jurisdiction over the management company); *State of Nev. v. Hicks*, 944 F. Supp. 1455, 1459-60 (D. Nev. 1996) (noting that tribe's earlier dismissal of tribal court claims against state defendants had mooted the issue of the Fallon-Paiute Shoshone tribal court's jurisdiction over defendants).

Here, too, the Cherokee Nation's dismissal of its tribal court claims against the Pharmacies and Distributers, and its subsequent filing of the claims in Oklahoma District Court, have rendered the Plaintiffs' claims in this case moot.

### III. Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction (Docs. 139-140) are granted.

ENTERED this 26th day of September, 2018.

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**